127 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julio Vicente NARCISO-PAREJA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70817.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 9, 1997**
Decided Oct. 14, 1997.
 
 Before SNEED, SCHROEDER, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Petitioner Narciso-Pareja challenges the Board of Immigration Appeals (BIA) decision to dismiss his appeal of the immigration judge's (IJ's) ruling that Petitioner had not demonstrated a well-founded fear of persecution based on political beliefs.[1] We uphold the BIA decision unless Petitioner shows that the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). Here, Petitioner has not shown that the evidence is so compelling that no reasonable factfinder could fail to find the requisite fear of persecution based on political beliefs.
 
 
 3
 Petitioner claims that the BIA erred by not specifically addressing the IJ's determination to afford petitioner's expert testimony "little weight." When the BIA fails to perform an independent review of the IJ decision, but instead adopts or defers to the IJ analysis, we must review the IJ decision. Lopez-Reyes v. INS, 79 F.3d 908, 911 (9th Cir.1996). Otherwise, the BIA determination should be reversed only if a reasonable factfinder would have to conclude that the requisite fear of persecution existed. Elias-Zacarias, 502 U.S. at 481.
 
 
 4
 From its analysis and restatement of facts, we find that the BIA independently analyzed the record. A reasonable factfinder would not be compelled to conclude that the requisite fear of persecution existed. Furthermore, the IJ determination to give the expert testimony little weight is supported by substantial evidence and was therefore not an abuse of discretion.
 
 
 5
 Petitioner claims that the IJ erred by not requiring his expert witness to testify at trial. Since Petitioner failed to raise this procedural issue to the BIA, this Court is stripped of jurisdiction to consider the matter. Vargas v. INS, 831 F.2d 906, 907-08 (9th Cir.1987); Liu v. Waters, 55 F.3d 421, 426 (9th Cir.1995).
 
 
 6
 Petition for review is DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a) and Ninth Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Antiterrorism and Effective Death Penalty Act of 1996 and the Illegal Immigration Reform Act of 1996 do not affect this petition since the asylum determination of petitioner was made before these Acts' effective dates. See Pub.Law 104-132, 110 Stat. 1270, § 421(b); Pub.L. 104-208, 110 Stat. 3009, 3625, § 309(c)(1)(B)